UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEN GONZALEZ, JOHN and/or JANE DOE, et al, on behalf of themselves and all others similarly situated.

    Plaintiffs,

v.   CASE NO.:

CHARTER COMMUNICATIONS, INC,

    Defendant.

_____/

**CLASS ACTION COMPLAINT**

1. Spectrum yanked the plug on college football fans and then blamed Mickey Mouse.

2. Family and friends across America were eagerly waiting for the highly anticipated, beginning of college football, beginning on August 31, 2023, at 8:00 p.m. Instead, the Gator Nation, along with football fans across the country experienced a "Lucy taking the football away from Charlie Brown" moment as Spectrum pulled the football game, broadcasted a blackout and then claimed, "Disney made us do it.".

3. Spectrum, the only cable country to fail to reach a deal with ESPN-owned Disney, used this moment to rob their own customers of the joy of football season kickoff and their money to boot.

4. Unlike other cable providers, Spectrum, "declined Disney's offer to extend negotiations which would have kept Disney-owned networks up for consumers in the middle of perennial programming events like the US Open and college football." Instead of providing the programming its viewers pay hundreds of dollars a month for, Spectrum, in the middle of the U.S. Open, college football and the start of the Labor Day weekend - easily one of the busiest TV weekends of the year, decided to use sport's fans and other spectrum consumers as a pawn in a clear money grab. To make matters worse they attempted to divide people and anger them with an anti-Disney campaign.

5. Plaintiffs, Jen Gonzalez and John and/or Jane Doe (together, "Plaintiffs"), individually and on behalf of the Class defined below of similarly situated persons, bring this Class Action Complaint and allege the following against Defendant Charter Communications, Inc, ("Defendant"), based upon personal knowledge with respect to Plaintiffs and on information and belied derived from, among other things, investigation of counsel and review of public documents as to all other matters:

## NATURE OF THE ACTION

6. Plaintiff brings this class action against Defendant for Defendant's failure to fulfill contractual obligations, and engaging in deceptive trade practices, as they continued billing for services not delivered. Plaintiffs seek, among other things, orders requiring Defendant to supply services or reimburse Class Members for the channels not provided.

7. On or about, Thursday August 31, 2023, Charter Communications customers experienced an outage of services shortly before the start of the University of Florida and University of Utah college football game, a highly anticipated kickoff to the college football season. The game was to air on ESPN, and when viewers turned to the channel expecting to watch the game, they were suddenly met with the following message from Defendant:

> *"The Walt Disney Company, the owner of this channel, has removed their programming from Spectrum which creates hardship for our customers. We apologize for the inconvenience and are continuing to negotiate in good faith in order to reach a fair agreement.*
>
> *We offered Disney a fair deal, yet they are demanding an excessive increase. They also want to limit our ability to provide greater customer choice in programming packages forcing you to take and pay for channels you may not want. We are very disappointed with their position, which has negatively impacted our customers.*
>
> *Spectrum is on your side and fighting to keep costs down while protecting and maximizing customer choice. The rising cost of programming is the single greatest factor in higher cable TV prices, and we are fighting hard to hold the line on programming rates imposed on us by companies like Disney."*

8. As a result of Defendant's failure to follow contractually-agreed upon standards, Plaintiffs and Class Members received only a diminished value of the services Defendant was to provide.

9. Accordingly, Plaintiffs, individually and on behalf of all others similarly situated, alleges claims breach of contract, and violation of Florida's Deceptive and Unfair Trade Practices Act (FDUPTA) and Florida's Consumer Collection Practices Act (FCCPA).

## JURISDICTION AND VENUE

10. This Court has general jurisdiction over Defendant, which conducts substantial business within Florida, and thus has significant, continuous, and pervasive contacts with the State.

11. Violations described in the Complaint occurred while Plaintiff was in Tampa, Florida.

## PARTIES

12. Plaintiff, Jen Gonzalez, is a citizen and resident of Tampa, Florida.

13. At all times relevant to this complaint, Plaintiffs were customers of Charter Communications, Inc., also known as Spectrum, and experienced the outage.

## STATEMENT OF FACTS

14. Plaintiff has been a paying subscriber to Charter Spectrum's television services, including the channels owned by Disney, under a valid and enforceable contract.

15. The Channels owned by Disney which were subject to the blackout include ESPN, ESPN2, ESPN Deportes, ESPNU, ESPN News, SEC Networks, ACC Network, Longhorn Network, FX, FX Movie Channel, FXX, National Geographic, Nat Geo Wild, Nat Geo Mundo, Disney Channel, Disney Junior, Disney XD, BabyTV, Freeform, ABC7 Chicago, ABC7 Los Angeles, ABC7 New York, ABC7 SanFransico, ABC11 Raleigh-Durham, ABC13 Houston, and ABC30 Frenso.

16. Charter Spectrum, as part of its contractual obligations, agreed to provide access to a range of television channels, including those offered by Disney.

17. Charter Spectrum has, on numerous occasions, billed the Plaintiff for access to Disney channels but has failed to deliver the services as contracted.

18. Despite repeated attempts by the Plaintiff to address this issue with Charter Spectrum's customer service representatives, the problem has persisted, and Charter Spectrum has not taken appropriate corrective action.

19. Plaintiff has suffered monetary loss due to the overcharging for services not rendered and has been subjected to undue inconvenience and frustration.

## CLASS ACTION ALLEGATIONS

20. Plaintiffs bring this suit as a class action on behalf of themselves and on behalf of all others similarly situated who executed contracts with Defendant but are not receiving the bargained-for services.

21. The Class that Plaintiffs seek to represent is defined as follows:

> All individuals in the United States who are current customers of Defendant, whose access to Disney Owned television channels were affected by the Spectrum Charter blackout.
>
> > Plaintiff alleges a subclass of Florida consumers who were charged the entirety of their bill, despite not being allotted access to all the advertised services.

22. Excluded from the Class and Subclass are the officers, directors, and legal representatives of Defendant, and the judges and court personnel in this case and any members of their immediate families.

23. <u>Numerosity</u>. The Class and Subclass Members are so numerous that joinder of all Members is impractical. While the exact number of Class Members is unknown to

Plaintiffs at this time, based on information and belief, it is estimated to be at or above 100,000.

24. <u>Commonality</u>. There are questions of law and fact common to the Class and Subclass, which predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

    a. Whether Plaintiff and class had a valid contract with Spectrum Charter for the provision of cable television services.

    b. Whether those cable television services offered by Spectrum Charter included the following Disney-Owned Channels: ESPN, ESPN2, ESPN Deportes, ESPNU, ESPN News, SEC Networks, ACC Network, Longhorn Network, FX, FX Movie Channel, FXX, National Geographic, Nat Geo Wild, Nat Geo Mundo, Disney Channel, Disney Junior, Disney XD, BabyTV, Freeform, ABC7 Chicago, ABC7 Los Angeles, ABC7 New York, ABC7 SanFransico, ABC11 Raleigh-Durham, ABC13 Houston, and ABC30 Frenso.

    c. Whether Defendant failed to provide the services they were contractually obligated to provide.

    d. Whether Plaintiff and the class suffered damages as a result of Defendant's breach.

    e. Whether Defendant engaged in unfair or deceptive practices by billing for channels and services they were unable to provide.

    f. Whether Defendant engaged in other conduct which can reasonably be used to harass Florida consumers.

25. <u>Typicality</u>. Plaintiffs' claims are typical of those of other Class and Subclass Members. Plaintiffs' claims are typical of those of the other Class Members because, *inter alia*, all Members of the Class were injured through the common misconduct of Defendant. Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all other Class Members, and there are no defenses that are unique to Plaintiffs. The claims of Plaintiffs and those of Class Members arise from the same operative facts and are based on the same legal theories.

26. <u>Policies Generally Applicable to the Class</u>. This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class and Subclass Members, and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's policies challenged herein apply to and affect Class Members uniformly and Plaintiffs' challenge of these policies hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiffs.

27. <u>Adequacy of Representation</u>. Plaintiff will fairly and adequately represent and protect the interests of the Class and Subclass in that they have no disabling conflicts of interest that would be antagonistic to those of the other Members of the Class and Subclass. Plaintiffs seeks no relief that is antagonistic or adverse to the Members of the Class and the infringement of the rights and the damages they have

suffered are typical of other Class Members. Plaintiffs have retained counsel experienced in complex consumer class action litigation and in particular privacy class litigation, and Plaintiffs intend to prosecute this action vigorously.

28. <u>Superiority of Class Action</u>. The class litigation is an appropriate method for fair and efficient adjudication of the claims involved. Class action treatment is superior to all other available methods for the fair and efficient adjudication of the controversy alleged herein; it will permit a large number of class members to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort, and expense that hundreds of individual actions would require. Class action treatment will permit the adjudication of relatively modest claims by certain class members who could not individually, afford to litigate a complex claim against large corporations, like Defendant. Further, even for those class members who could afford to litigate such a claim, it would still be economically impractical and impose a burden on the courts.

29. The nature of this action and the nature of laws available to Plaintiffs and the Class make the use of the class action device a particularly efficient and appropriate procedure to afford relief to Plaintiffs and the Class for the wrongs alleged because Defendant would necessarily gain an unconscionable advantage since Defendant would be able to exploit and overwhelm the limited resources of each individual Class Member with superior financial and legal resources; the costs of individual suits could unreasonably consume the amounts that would be recovered; proof of a common course of conduct to which Plaintiffs were exposed is representative of that experienced

by the Class and will establish the right of each Class Member to recover on the cause of action alleged; and individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

30. The litigation of the claims brought herein is manageable. Defendant's uniform conduct, the consistent provisions of the relevant laws, and the ascertainable identities of Class and Subclass Members demonstrates that there would be no significant manageability problems with prosecuting this lawsuit as a class action.

31. Adequate notice can be given to Class and Subclass Members directly using information maintained in Defendant's records.

32. Unless a Class-wide injunction is issued, Defendant may continue in its failure to properly fulfill the contract between Defendant and Class Members, and Defendant may continue to act unlawfully as set forth in this Complaint.

33. Further, Defendant has acted or refused to act on grounds generally applicable to the Class and Subclass and, accordingly, final injunctive or corresponding declaratory relief with regard to the Class Members as a whole is appropriate under the Federal Rules of Civil Procedure.

## FIRST CAUSE OF ACTION
### Breach of Contract
**(On behalf of the Class)**

34. Plaintiffs restate and reallege paragraphs 1 through 33 above as if fully set forth herein.

35. Plaintiffs had a valid and enforceable contract with Charter Communications, Inc, which is evidenced by the subscription agreement or terms of service.

36. Defendant had a contractual obligation to provide channels owned by Disney as part of the television service.

37. Defendant failed to perform its contractual duty by not consistently delivering Disney-owned channels, including ESPN, despite Plaintiffs continued payment for access to those channels.

38. The Plaintiff asserts that Defendant did not have a legal excuse or justification for its failure to provide the services as contracted.

39. As a result of Charter Spectrum's breach of contract, the plaintiff has suffered damages in the form of monetary loss due to overcharges for undelivered services and has experienced inconvenience and frustration. The plaintiff seeks legal remedies, including restitution for the overcharges and an order requiring Charter Spectrum to fulfill its contractual obligations by providing the Disney channels as agreed upon in the contract.

**SECOND CAUSE OF ACTION**
**Deceptive Trade Practices**
**(On behalf of the Class)**

40. Plaintiffs reinstate and reallege paragraphs 1 through 33 above as is fully set forth herein.

41. Plaintiffs and the Class Members are "consumers." Fla. Stat. § 501.203(7).

42. Charter Communications, Inc, engaged in unfair or deceptive acts or practices by consistently billing the plaintiff for access to channels owned by Disney while failing to provide those channels as contracted.

43. This deceptive act had an impact on the plaintiff as a consumer and caused them to suffer monetary loss due to overcharges for undelivered services and has experienced inconvenience and frustration.

44. Plaintiffs seek, among other things, an order from the court requiring Charter Communications, Inc to cease these deceptive practices and to provide that contracted Disney channel services promptly. Additionally, plaintiffs may request reimbursement for the period of time they paid for these channels, and they were not provided by Defendant.

## THIRD CAUSE OF ACTION
### Florida Consumer Collection Practices Act
### (On behalf of the Florida Sub-Class)

45. Plaintiffs hereby incorporate by reference the allegations contained in paragraphs 1-33 of this Complaint.

46. Plaintiff brings this claim individually and on behalf of the proposed sub-Class against Defendant Charter.

47. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

48. "Debtor" or "consumer" means any natural person obligated or allegedly obligated to pay any debt. Florida Statute § 559.55(8).

49. At all times relevant to this action Plaintiff and members of the Sub-Class were "debtors" or "consumers."

50. Charter violated Florida Statute § 559.72(7) by willfully engaging in conduct that could reasonably be expected to abuse or harass the debtor Plaintiff or any member of her family.

51. Charter violated Florida Statute § 559.72(9) by attempting to enforce a debt that Charter knows is not legitimate, or to assert the existence of some legal right when Campus Advantage knows that right does not exist.

52. Charter knew the debts they sought to collect were not legitimate, because Defendant had actual knowledge, they were not providing the contractually obligated services, they were required to supply.

53. Charter's actions have directly and proximately resulted in Plaintiffs prior and continuous sustaining of damages as described by Florida Statute §559.77.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiffs on behalf of themselves and all others similarly situated, pray for relief as follows:

   a. For an Order certifying the Class as defined herein, and appointing Plaintiffs and their Counsel to represent the Class;

   b. For equitable relief enjoining Defendant from engaging in the wrongful conduct complained of herein pertaining to the breach of contract

   c. For an award of damages, including actual, nominal, and

      consequential damages, as allowed by law in an amount to be determined;

c. For an award of attorneys' fees, costs and litigation expenses as allowed by law;

d. For prejudgment interest on all amounts awarded; and

e. Such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: September 5, 2023

                      Respectfully submitted,

                      */s/ Billy Howard*
                      William "Billy" Peerce Howard, Esq.
                      Florida Bar No. 0103330
                      Amanda J. Allen, Esq.
                      Florida Bar No.: 0098228
                      THE CONSUMER PROTECTION FIRM, PLLC
                      401 East Jackson Street, Suite 2340
                      Tampa, FL  33602
                      Telephone: (813) 500-1500
                      Facsimile: (813) 435-2369
                      Billy@TheConsumerProtectionFirm.com
                      Amanda@TheConsumerProtectionFirm.com